IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Michael A. Dixon, ) | |
| ) | C/A No. 3:13-1521-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sam's East, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Michael A. Dixon brings this action against his employer, Defendant Sam's East, Inc., alleging that he was discriminated against on the basis of his race in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, who is black, contends that he was disciplined and passed over for promotions for which he was qualified because of his race. Plaintiff alleges that George Turosik, a white store manager, was the "ring leader, but he had other people do his – his bidding, basically." Pl. Dep. 14, ECF No. 34-2, 2. Plaintiff asserts that Turosik "basically came in and – I don't know, he was cleaning house[.]" Id. at 21, ECF No. 34-2, 7. According to Plaintiff, "some people had left and – and with my background, I figure, hey, they should have at least said something to me [about an open position]." Id. It appears Plaintiff was considered for three open positions between August and December of 2011, but was found by Defendant not to be the most qualified candidate for the

positions. The positions were filled respectively by a black male on October 27, 2011, a black male on September 14, 2011, and a Hispanic female on August 26, 2011. Decl. Of Suzanne Holliday, ¶ 9; ECF No. 34-3, 3.

Plaintiff received a number of written counselings for tardiness and attendance issues. Pursuant to store policy, an employee who receives a second written counseling is not eligible for a transfer or promotion for a twelve-month period until the counseling expires. See Decl. of Suzanne Holliday, ¶ 10, ECF No. 34-3, 4. Plaintiff does not dispute that he has some issues with getting to work on time. Pl. Dep. 42, ECF No. 34-2, 26. However, Plaintiff appears to contend that he was treated more harshly because his lateness "was the only issue, basically, that they could come up with." Id. at 54, ECF No. 34-2, 38.

Plaintiff also received a counseling for falsifying time records, based upon a video surveillance showing him arriving for work approximately fifteen minutes later than the time he reported on his time card. Id. at 52, ECF No. 34-2, 36. Plaintiff testified that he had purchased a set of inexpensive watches that "probably didn't keep time pretty accurate." Id. at 45, ECF No. 34-2, 29. According to Plaintiff, he "probably just looked at my watch and put that time in and went on to work." Id. Plaintiff conceded in his deposition that it was his responsibility to make sure to enter the right time. Id. at 47, ECF No. 34-2, 31.

Defendant filed a motion for summary judgment on September 8, 2014. Plaintiff filed a response in opposition on October 3, 2014, to which Defendant filed a reply on October 14, 2014. On May 19, 2015, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had failed to make out a prima facie case of racial discrimination. The Magistrate Judge further found that, even if Plaintiff did set forth a prima facie case, he was unable

to establish that Defendant's nondiscriminatory reasons for failing to promote him were pretextual, and that the true reason was discrimination. Accordingly, the Magistrate Judge recommended that summary judgment be granted in favor of Defendant. Plaintiff filed objections to the Report and Recommendation on June 5, 2015, to which Defendant filed a reply on June 22, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## II.  DISCUSSION

Plaintiff asserts that the Magistrate Judge erred in determining that he failed to establish a prima facie case of discrimination. The court disagrees.

To make out a prima facie case of discriminatory disparate treatment, Plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. See Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).

The Magistrate Judge concluded that Plaintiff was not performing satisfactorily because he received numerous written counselings regarding his failure to be punctual when arriving for work. In his objections, Plaintiff contends that the Magistrate Judge "plac[ed] herself in the jury's position, weighing the Defendant and Plaintiff's evidence against one another" before concluding that no

reasonable jury could find in Plaintiff's favor. Plaintiff asserts that the Magistrate Judge disregarded Plaintiff's performance evaluations, which classified him as a "solid performer."

Plaintiff acknowledges that courts have recognized it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff, in determining satisfactory job performance. See, e.g., King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003)(citing Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996)). Plaintiff argues that Defendant's perception that he is a "solid performer" belies any claim that he was not performing his job satisfactorily.

The court finds no inconsistency in Defendant's perception that Plaintiff was a good worker but that he failed to report to work in a timely manner, and thus was not performing satisfactorily. As long as the requirements imposed are bona fide expectations, it is not the court's province to determine whether an employer demands too much of its workers. Myers v. Wood, No. 0:12-CV-00422-JFA, 2013 WL 4823171, at *7 (D.S.C. Sept. 9, 2013)(citing Coco v. Elmwood Care, Inc., 128 F.3d 1177, 1179 (7th Cir.1997)).

The Magistrate Judge further determined that Plaintiff's claims were based in large part on speculation and hearsay; that Plaintiff suffered no adverse employment action; and that Plaintiff failed to demonstrate that similarly situated employees outside his protected class received more favorable treatment. The Magistrate also concluded that Plaintiff did not set forth evidence to show Defendant's business reasons for its promotion decisions were pretextual, and that discrimination was the true reason for its decisions. Plaintiff does not object to the Magistrate Judge's alternate findings. The court concludes that summary judgment in favor of Defendant is appropriate.

III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for summary judgment (ECF No. 34) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 24, 2015